PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MARK RIDLEY, | ) |
| Plaintiff, | ) CASE NO. 4:18CV1143 |
| v. | ) JUDGE BENITA Y. PEARSON |
| MAHONING COUNTY SHERIFF, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** |

*Pro Se* Plaintiff Mark Ridley[1] filed this action under 42 U.S.C. § 1983 against the Mahoning County Sheriff and the Mahoning County Commissioners. In the Complaint (ECF No. 1), Plaintiff alleges he is a not receiving a certified Kosher/Halal diet, he is receiving inadequate portions, and he does not have access to LexisNexis or federal legal research materials. He seeks monetary and injunctive relief.

## I. Background

Plaintiff states he is a federal pretrial detainee housed in the Mahoning County Jail. He states he is not receiving food that meets the definition of Kosher or Halal. Plaintiff indicates he is not provided with hot meals, or meat or fish, and the portion sizes are small. He contends the

---

[1] The Complaint (ECF No. 1) lists "Mark Ridley/Angelo Massie" as the Plaintiff(s). It is unclear from the pleading whether Ridley and Massie are two different people or if Massie is an alias of Ridley. The only allegations in the Complaint (ECF No. 1) pertain to Ridley, only Ridley signed the Complaint (ECF No. 1), and only Ridley filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2) and provided an Inmate Trust Account Summary (ECF No. 2-2). Therefore, the Court will consider this Complaint (ECF No. 1) as filed solely by Ridley.

(4:18CV1143)

daily caloric value of all three meals is less than 1,100 calories. Plaintiff alleges the jail is punishing him for being a Muslim. Finally, he claims the jail does not have LexisNexis computers or other federal materials that will assist with his federal criminal case. Plaintiff acknowledges that he is represented by counsel in that action and has the assistance of law students from the University of Akron, but states he is still unable to file legal documents on his own. He does not specify any legal claims he wishes to raise. Plaintiff requests monetary relief, and an order requiring the jail to provide food that complies with Halal standards, meals of at least 2,000 calories per day, and access to online legal research tools.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). See also Lawler, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all

factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Law and Analysis

As an initial matter, Plaintiff identifies only one legal claim in the Complaint (ECF No. 1), which is the denial of due process in connection with the jail's lack of LexisNexis computers. Based on his allegations, it is possible he also is attempting to assert claims for denial of freedom

(4:18CV1143)

of religion under the First Amendment, and cruel and unusual punishment under the Fourteenth Amendment.

### A. First Amendment -Freedom of Religion

To establish a § 1983 claim based on the First Amendment, Plaintiff must allege facts suggesting that the government burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). "[P]rison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 Fed.Appx. 176, 179 (6th Cir. 2002) (per curiam)). For inmates, this is essentially a constitutional right not to eat food items prohibited by her religion. *Alexander*, 31 Fed.Appx. at 179. It does not mean that the prisoner is guaranteed of being served food items that she likes to eat. *Davis v. Heyns*, No. 17-1268, 2017 WL 8231366, at *3-4 (6th Cir. Oct. 16, 2017). For example, vegan and vegetarian meals are not prohibited by Halal standards and do not violate the First Amendment even if the inmate prefers to eat Halal meat with his diet. *Id.* Plaintiff states that his meals do not meet the definition of Halal; however, he offers no explanation of how or why he believes this to be the case. He states only that he was not served hot meals and his meals did not contain meat or fish. Plaintiff has not alleged that either of these is required by Halal standards. The Court concludes he failed to allege sufficient facts to plausibly suggest Defendants violated his First Amendment rights.

### B. Fourteenth Amendment - Law Library

4

(4:18CV1143)

Next, Plaintiff contends the jail does not offer online research tools like LexisNexis nor does it provide sufficient federal materials pertinent to his defense. He contends this could result in a denial of due process. Plaintiff is represented by counsel. The Fourteenth Amendment is satisfied if a pretrial detainee, like Plaintiff, has the assistance of an attorney during the course of his criminal trial. *United States v. Smith,* 907 F.2d 42, 44 (6th Cir. 1990). There is no specific allegation in the Complaint (ECF No. 1) suggesting Plaintiff was denied due process during his criminal proceedings.

### C. Fourteenth Amendment - Cruel and Unusual Punishment

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims arise under the Due Process Clause of the Fourteenth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); however, they are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference

5

(4:18CV1143)

to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element by showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley*, 475 U.S. at 319. Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Inmates have a clearly established right to a nutritionally adequate diet. *See Colvin*, 605 F.3d at 290; *Cunningham v. Jones*, 567 F.2d 653, 656-59 (6th Cir. 1977). This requirement has not been translated to require a certain number of calories to be provided in that diet. Nevertheless, taking Plaintiff's allegations as true for purposes of this review, providing a total daily caloric intake of less than 1,100 could be an objectively serious condition. *See Welch v. Spaulding*, 627 Fed.Appx. 479, 482 (6th Cir. 2015) (inmate receiving 1,300 calories per day may state a claim for relief).

Plaintiff, however, must also satisfy the subjective element by alleging sufficient facts to suggest Defendants were deliberately indifferent to his serious needs. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when he acts with "criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

6

(4:18CV1143)

substantial risk of serious harm exists, and he must also draw the inference." *Id.* Plaintiff does not allege facts to suggest that either the Mahoning County Sheriff or the Mahoning County Commissioners were actually aware of the number of calories served in the Halal meals. Absent allegations suggesting these Defendants were personally aware of the situation and acted with conscious disregard of the substantial risk of harm it posed to inmates like Plaintiff, he fails to satisfy the subjective element of this cause of action.

Finally, to the extent Plaintiff intended to assert some other claim not otherwise addressed here, he failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to explore exhaustively all potential claims a *pro se* plaintiff may be asserting given the factual allegations of her complaint. *Beaudette*, 775 F.2d at 1278. To do so would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* Moreover, it places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells*, 891 F.2d at 594. Even liberally construed, the

7

(4:18CV1143)

Complaint (ECF No. 1) does not sufficiently identify another federal constitutional claim or claims which Plaintiff intends to assert in this action.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| October 9, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |